Tonia MASSEY and Greg
Massey, Plaintiff

v.

DESOTO COUNTY, MISSISSIPPI and
Greg Wharton, Individually,
Defendants.

No. 2:08cv243.

United States District Court,
N.D. Mississippi,
Delta Division.

Nov. 16, 2012.

Jim D. Waide, III, Rachel Pierce Waide, Ronnie Lee Woodruff, Waide & Associates, PA, Tupelo, MS, for Plaintiff.

R. Jeff Allen, Hunt Ross & Allen, Clarksdale, MS, Anthony E. Nowak, Smith, Phillips, Mitchell, Scott & Nowak, Hernando, MS, for Defendants.

## ORDER

MICHAEL P. MILLS, Chief Judge.

This cause comes before the court on the motions of defendants Desoto County, Mississippi and Greg Wharton for summary judgment, pursuant to Fed.R.Civ.P. 56. The court, having considered the memoranda and submissions of the parties, is now prepared to rule.

This is, *inter alia*, a § 1983 excessive force case in which plaintiffs Tonia and Greg Massey allege that they were "brutally assaulted and arrested, without any justification or criminal conduct, by Deputy Robert Wharton merely because they were bystanders at the scene of the termination of a high-speed pursuit." In a September 8, 2011 order, Judge Pepper denied Wharton's qualified immunity motion as it related to both plaintiffs' excessive force and unlawful arrest claims and as it related to Tonia's First Amendment retali-

ation claim.[1] The Fifth Circuit affirmed this ruling on July 2, 2012, and this case is presently set for trial before this court next month. The court now has before it a motion for summary judgment filed by Desoto County, contending that any unlawful actions by Deputy Warren were not a result of any official county policy for which it may be held liable under § 1983. Plaintiffs have advised this court that they do not oppose this motion, and Desoto County will accordingly be dismissed from this lawsuit.

■ The defendants also filed a motion for summary judgment on a completely separate basis, arguing that this case should be dismissed as to plaintiff Greg Massey under a judicial estoppel theory because he originally failed to list it as an asset of his Chapter 7 bankruptcy estate. Desoto County has, to reiterate, now been dismissed from this case entirely, and the court will accordingly address this motion solely as it relates to Greg's claims against Wharton individually. As to these claims, plaintiffs have filed a response which, in the court's view, persuasively and thoroughly demonstrates why this case should not be dismissed based on Greg's initial failure to list it as a bankruptcy asset. In so concluding, the court places primary emphasis upon the fact that, while Greg did initially fail to list the lawsuit as an asset of his bankruptcy estate, he realized his error and corrected it *before* the bankruptcy court had adopted the position originally taken in the bankruptcy petition. In explaining his actions, Greg has submitted an affidavit stating as follows:

In January 2012, I was forced to file bankruptcy and did so with the assistance of Attorney Tracey B. Walsh. I am not an attorney and was unaware

that I needed to list my lawsuit as an asset in my bankruptcy petition.

On or about April 2, 2012, at the meeting of the creditors, while waiting, I heard the trustee ask the person seeking a bankruptcy whether they had a lawsuit pending. I turned to Attorney Walsh and told her that I have a lawsuit pending. She was unaware of this. We went outside the courtroom to discuss this matter and she told me that there was a sheet of paper in the package she gave me that asked whether I had such a lawsuit. I told her that I do not recall seeing that paper. She had me fill out that document to correct this unintentional oversight on my part.

When my turn came to appear before the trustee, he asked me whether I had any lawsuit pending, and I responded, "Yes, sir." He asked whether I was the Plaintiff or the Defendant, and I responded, "Plaintiff." He asked who it was against, and I replied, "Desoto County." My attorney, Ms. Walsh then informed the trustee that it was an oversight and had been corrected.

Greg's bankruptcy attorney Walsh has filed his own affidavit which similarly states that:

1. Tracy B. Walsh is the attorney of record for Greg Massey in a Chapter 7 bankruptcy proceeding filing the United States Bankruptcy Court for the Northern District of Mississippi, case number 12–10287.

2. Mr. Massey's Section 341 Meeting of Creditors was held on April 2, 2012. It was on that date that I first became aware that Mr. Massey was a Plaintiff in an action against Desoto County.

---

1. This case was originally assigned to Judge Pepper, and it was transferred to this court upon his death.

3. When Mr. Massey was questioned by the Chapter 7 Trustee regarding any lawsuits or causes of action he had pending, he immediately testified about the pending lawsuit and information regarding his counsel for same was supplied to the Trustee on that date.

4. I do not believe that Mr. Massey ever intended to hide any asset from the bankruptcy court and his schedules have since been amended to reflect this asset.

The court finds this to be a plausible and adequate explanation of Greg's mistake in initially failing to list the lawsuit as an asset of his bankruptcy estate, and no defendant filed a rebuttal brief contesting any of the factual representations in plaintiffs' response. Plaintiffs note that Greg subsequently amended his bankruptcy petition to list this lawsuit as an asset, and they have produced evidence that Greg and his attorneys are presently working in cooperation with the bankruptcy trustee to ensure that all requirements of federal bankruptcy law are followed in this case.

 The Fifth Circuit has recognized three requirements that must be met in order for judicial estoppel to operate: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. *Kane v. National Union Fire Ins. Co.*, 535 F.3d 380, 385–386 (5th Cir. 2008). In this case, the court agrees with plaintiffs that the fact that Greg realized his mistake and corrected it prior to his appearance before the trustee at the creditor's hearing demonstrates that the bankruptcy court did not "accept his position" and that the second judicial estoppel requirement is not met.

This conclusion is supported by the 2010 decision of *In re Bates*, 2010 WL 2203634, *14 (Bkrtcy.S.D.Miss.2010), where the bankruptcy court rejected the application of judicial estoppel in a case where the plaintiff amended her schedule of assets to list a claim against the defendant six months after she filed her petition and before the discharge of any of her debts. In rejecting defendant's argument that the bankruptcy court had "accepted" the defendant's initial position, the court wrote that:

> Hancock Bank contends that the trustee, creditors, and this Court all relied upon the Debtor's initial position that no claim existed. Hancock Bank, however, fails to point to any order issued by this Court demonstrating that this is so. Moreover, the purpose of judicial estoppel is to protect the judicial system-not the trustee or creditors. Thus, whether Hancock Bank or any other purported creditor relied on the Debtor's no-claims-exist stance is irrelevant because detrimental reliance is not a required element of judicial estoppel. In the absence of any evidence that this Court accepted the Debtor's stance before the amendment of her schedules, Hancock Bank has failed to meet this requirement for application of the judicial estoppel doctrine.

*Bates*, 2010 WL 2203634 *14. Clearly, this authority supports plaintiffs' position in this case, since Greg realized his error and corrected it before the meeting of creditors had even been held.

The court finds that the facts described by plaintiffs also support a conclusion that the third judicial estoppel requirement is not met here, since they are reflective of an inadvertent error on Greg's part which was timely corrected. Indeed, Greg would appear to have little to gain by initially failing to list this case as an asset of his bankruptcy estate, only to acknowledge his error at the meeting of creditors. Once again, defendants did not file a reply brief

contesting the factual representations or legal arguments in plaintiff's responsive brief, and the court finds that brief fully persuasive.

In light of the foregoing, it is ordered that Desoto County's motion for summary judgment [95–1] is granted, and Wharton's motion for summary judgment [93–1] is denied.